**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50180 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00312-L |
| v. | |
| ROBERTO CARLOS RIVERA CASANOVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Roberto Carlos Rivera Casanova appeals from the district court's judgment

and challenges the 132-month sentence imposed following his guilty plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 960. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Rivera Casanova contends the district court erred in denying his third request to substitute counsel. Applying this court's three-factor test, we conclude that the district court did not abuse its discretion. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). Even if Rivera Casanova's request was timely, the court's inquiry was adequate in light of its history with Rivera Casanova. *See id.* at 942-43. Moreover, given that the purported conflict between Rivera Casanova and his counsel was similar in nature to the conflicts Rivera Casanova had experienced with his previous attorneys, the court reasonably denied Rivera Casanova's request for new counsel. *See id.* at 944 ("[T]he fact that this was the same breakdown in communications that had occurred with his previous lawyer is significant. . . . If [defendant] had received other counsel, it is likely that the same conflicts would have arisen.").

Rivera Casanova also argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2. After Rivera Casanova was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

15-50180

The Amendment added a non-exhaustive list of factors a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). We are satisfied that the district court's stated rationale for rejecting Rivera Casanova's request for a reduction remains adequate under the revised commentary. In light of the totality of the circumstances, the district court did not clearly err in determining that Rivera Casanova failed to prove that he was entitled to the adjustment. *United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006) (setting forth standing of review).

**AFFIRMED.**